**IN THE UNITED STATE DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL DUNSTON,<br><br>       Plaintiff,<br><br>v.<br><br>MEREDITH CORPORATION,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.:

Removed from the Superior Court of Fulton County

State Court Case No. 2021CV348799

## NOTICE OF REMOVAL

Defendant Meredith Corporation ("Meredith"), by and through the undersigned counsel, hereby gives Notice of the Removal of the above-styled action to this Court from the Superior Court of Fulton County, Georgia. Meredith removes the state court action under 28 U.S.C. §§ 1332, 1441(a), and 1446, on the factual and legal grounds discussed below.

## STATE COURT ACTION PLEADING AND PROCESS

1.      Plaintiff, Michael Dunston ("Plaintiff"), commenced the above-captioned action in the Superior Court of Fulton County, Georgia on April 28, 2021, by filing his Complaint in the case styled *Michael Dunston v. Meredith Corporation*, Civil Action File No. 2021CV348799 (the "State Court Action").

2.     On May 6, 2021, Meredith was served with a Summons and a copy of the Complaint. *See* Ex. 1, Service Copy of Complaint with Transmittal of Process.

3.     Pursuant to 28 U.S.C. 1446(a), a complete copy of the file from the State Court Action, including copies of all pleadings, process, orders, and other documents filed in the State Court Action are attached hereto as Exhibit 2.

4.     This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

5.     This action arises from Plaintiff's employment with Meredith Corporation.

6.     In his Complaint, Plaintiff alleges twelve (12) distinct causes of action against Meredith including: Count I – Discrimination; Count 2-Breach of Contract; Count 3-Retaliation for Protected Activity; Count 4-Conspiracy to Violate Civil Rights by Denying Access to EEOC Complaint Process; Count 5-Conspiracy to Deprive Constitutional Rights; Count 6-Breach of Duties of Good Faith and Fair Dealing; Count 7-Defamation; Count 8- Intentional Infliction of Emotional Distress; Count 9-Negligent Infliction of Emotional Distress; Count 10-Wrongful Termination; Count 11-Punitive Damages; Count 12-Disparate Impact.

7.     Venue is proper in this Court because Plaintiff filed his Complaint in the Superior Court of Fulton County, Georgia which is located in the Northern

District's jurisdiction. 28 U.S.C. § 1441(a).

8.     The Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 because all of the parties are citizens of different states and the amount in controversy exceeds $75,000.

## DIVERSITY OF CITIZENSHIP

9.     Upon information and belief, at the time this action was filed and at all times since, Plaintiff was a citizen of the state of Georgia.

10.     At the commencement of this action and at all times since, Meredith was and continues to be an Iowa corporation with its principal place of business in Des Moines, Iowa. Therefore, Meredith is a citizen of Iowa for the purposes of diversity jurisdiction under 28 U.S.C. § 1332 (c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal placed of business"); see also *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (providing that a corporation's principal placed of business is the place where "a corporation's officers direct, control and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters").

11.     As demonstrated above, Meredith is not a citizen of the State of Georgia and complete diversity of citizenship exists between Plaintiff and Meredith.

## AMOUNT IN CONTROVERSY

12.    Plaintiff pleads damages, including "the full value of past and future medical expenses; past and future lost wages, lost promotions, lost job opportunity, and lost value in exposure and media prestige." (Exhibit 2).

13.    Plaintiff also pleads damages for "mental and physical pain and suffering and emotional distress"; punitive damages; and attorney's fees. (Exhibit 2).

14.    Plaintiff's claim for breach of contract alleges that he was terminated "on or about, May 21, 2020, thereby breaching the employment contract, that did not expire until, on or about, July 2, 2021.[1]"  (Exhibit 2, at ¶ 73).

15.    By the terms of his employment agreement, Plaintiff earned $129,075.00 per year. (Exhibit 3, Plaintiff's Employment Agreement).

16.    Based on the allegations in the Complaint, Plaintiff's termination occurred more than one year ago as of the date of this filing. Plaintiff's alleged lost wages are, therefore, equivalent to at least one year of his salary, or $129,075.00.

17.    If Plaintiff prevails on his claims as alleged, his lost wages, or "back pay" alone will exceed the $75,000 minimum threshold for diversity jurisdiction.

---

[1] Defendant notes that in other sections of his Complaint, Plaintiff alleges that the contract expired on July 2, 2020, rather than July 2, 2021. (Exhibit 2, ¶ 4).

18.    It is therefore beyond legitimate dispute that, given the various categories of damages asserted by Plaintiff, the jurisdictional amount in controversy requirement is met.  *See, e.g. Parker v. Progressive Mountain Insurance Company*, Civil Action No. 5:20-cv-00202-TES, 2020 WL 4001004, at *2 (M.D. Ga. Jul. 15, 2020) (noting that due to plaintiff's medical bills amounting to over $44,000 "to date," the court could rely "on its experience and common sense to determine that considering potential lost wages and general damages," the amount in controversy had been met).

Respectfully submitted this 27th day of May, 2021.

**BAKER & HOSTETLER LLP**
*/s/ Eric L. Barnum*
Eric L. Barnum
Ga Bar No. 039305
ebarnum@bakerlaw.com
Mitchell A. Robinson
Ga Bar No. 457665
marobinson@bakerlaw.com
Lindsay M. McCall
Ga Bar No. 731830
lmccall@bakerlaw.com
1170 Peachtree Street,
Suite 2400
Atlanta, GA 30309-7676
T: (404) 459-0050
F: (404) 459-5734

*Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 5.1 of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

*/s/ Eric L. Barnum*
Eric L. Barnum
Ga. Bar No. 039305
ebarnum@bakerlaw.com

**IN THE UNITED STATE DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHAEL DUNSTON,                    )
                                    )
            Plaintiff,              )     CIVIL ACTION NO.:
                                    )
v.                                  )     Removed from the Superior Court
                                    )     of Fulton County
                                    )
MEREDITH CORPORATION,               )
                                    )     State Court Case No. 2021CV348799
            Defendant.              )
                                    )

_____

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

**NOTICE OF REMOVAL** was filed via the Court's CM/ECF system, and served

*via* certified mail to counsel of record for Plaintiff:

Shawn McCullers
The McCullers Litigation Group, LLP
1984 Howell Mill Rd.
PO Box 250071
Atlanta, GA 30325

Dated: May 27, 2021.

                              **BAKER & HOSTETLER LLP**

                              */s/ Eric L. Barnum*
                              Eric L. Barnum
                              Ga Bar No. 039305
                              ebarnum@bakerlaw.com
                              Mitchell A. Robinson

Ga Bar No. 457665
marobinson@bakerlaw.com
Lindsay M. McCall
Ga Bar No. 731830
lmccall@bakerlaw.com
1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676
T: (404) 459-0050
F: (404) 459-5734

*Attorneys for Defendant*